UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ROBERT M. LINDBLAD,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>Defendants. | Case No. 21-cv-05755-LB<br><br>**ORDER SCREENING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 1 |

**INTRODUCTION**

Plaintiff Robert Lindblad, who represents himself and is proceeding in forma pauperis, sued the Department of Defense, the FBI, the CIA, and Vice President Kamala Harris, claiming that the defendants violated his trade secrets about "a new dimension of thinking" and that unidentified "Chinese intelligence and collab[o]rators" are conspiring against him.[1] Before directing the United States Marshal to serve the defendants with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The plaintiff has not plausibly pleaded a federal claim. In this order, the court identifies the complaint's deficiencies and gives the plaintiff an opportunity to amend the complaint by September 1, 2021 to cure them.

---

[1] Compl. – ECF No. 1 at 2, 5. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-05755-LB

## STATEMENT

The plaintiff alleges that he "has made many modernizing designs," including "a new dimension of thinking," "[d]igital car design, cement sand construction, vehicle models, and facsimile wood." He alleges that "Chinese intelligence and collab[o]rators have attempted to reserve the rights to these discoveries" and that the defendants have unlawfully used his ideas. But he admits that "[i]t is unclear what has been used[.]" He brings claims for violation of Article I, Section 8, Clause 8 of the United States Constitution, the Fifth and Fourteenth Amendments, the Uniform Trade Secrets Act, and the Beijing Treaty. He seeks $3 trillion in compensatory and punitive damages, claiming that "the potential damages are staggering" and that his "world renaissance plans are frustrated."[2] The day before he filed this action, the plaintiff filed another lawsuit against at least 20 defendants, including Megan Markle, President Biden, the U.S. government, Chinese intelligence, and members of commerce, alleging a conspiracy to frustrate his rule. The magistrate judge recommended dismissal of the lawsuit as frivolous. *Lindblad v. U.S. Gov't*, No. 21-cv-05705-JST (TSH), R & R – ECF No. 4 at 1, 4 (N.D. Cal. July 28, 2021).

## ANALYSIS

**1. Sua Sponte Screening — 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure

---

[2] *Id.* at 3, 5–7.

12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

## 2. Application

The plaintiff filed a complaint that claims misappropriation of his ideas, but he does not describe (except fantastically) what his ideas are and who took them. He asks for $3 trillion in damages.[3] He has not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Accordingly, and under 28 U.S.C. § 1915(e)(2), the court dismisses the complaint with leave to amend. At minimum, any amended complaint must say what was taken and who took it.

## CONCLUSION

The court has identified the deficiencies in the plaintiff's complaint. The plaintiff may file an amended complaint by September 1, 2021 if he can cure the deficiencies. If the plaintiff does not file an amended complaint, the court will reassign the case to a district judge and recommend that the newly assigned judge dismiss the case. Alternatively, the plaintiff may voluntarily dismiss the case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice and allow him to pursue his claims later.

**IT IS SO ORDERED.**

Dated: August 11, 2021

LAUREL BEELER
United States Magistrate Judge

---

[3] *Id.*